**Joseph L. Balkan, Inc. v Loguidice**

2025 NY Slip Op 33018(U)

August 5, 2025

Supreme Court, New York County

Docket Number: Index No. 650017/2022

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**                          PART                    11M

*Justice*

-----------------------------------------------------------------------------X

JOSEPH L. BALKAN, INC.,

Plaintiff,

- v -

DOMINICK LOGUIDICE, XINOS CONSTRUCTION CORP.

Defendant.

-----------------------------------------------------------------------------X

INDEX NO.            650017/2022

MOTION DATE        04/24/2025

MOTION SEQ. NO.        004

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149

were read on this motion to/for            JUDGMENT - SUMMARY            .

## Background

This action arises out of allegations defendants failed to pay plaintiff in full for performed construction services. Plaintiff, Joseph L. Balkan, Inc. ("plaintiff") is a New York based plumbing and sewer company. Defendants Dominick Loguidice and Xinos Construction Corp. ("defendants") hired plaintiff to perform services at defendants' property located at 236 East 74th Street, New Yok, NY 10021.[1]

On or about September 24, 2018, plaintiff and defendants entered into an agreement whereby plaintiff agreed to replace and lower defendants' sewer pipe in exchange for payment of $36,500.00 (the "Original Contract"). On August 2, 2019, plaintiffs allege defendants revised the scope of work, and on August 20, 2019, entered into another agreement ("Change Order 1") in which plaintiff was to install a sewer line inside the basement of the property. On August 26, 2019, plaintiff alleges the parties entered into a further agreement stemming from the Original

---

[1] The Court would like to thank Special Master to the Court, Jason Lowe, Esq. for his assistance in this matter.

**650017/2022   JOSEPH L. BALKAN, INC. vs. LOGUIDICE, DOMINICK ET AL**            **Page 1 of 4**
  **Motion No.  004**

Contract ("Change Order 2") whereby the parties acknowledged that more workers were required for rock breaking than the original estimate contained in Change Order 1. Change Order 2 stated that the work described therein was in "[a]ddition to proposal number 44188 [the Original Contract] due to client request to lower sewer requiring additional rock breaking."

Defendants' amended answer contains a counterclaim for breach of warranty. Plaintiff moves for summary judgment on Defendants' counterclaim. Defendants' cross-move to amend the counterclaim and for summary judgment on Plaintiff's contractual claim for attorney's fees.

Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

Discussion

Contractual warranties are limited to the sales of goods and do not apply to agreements for the performance of services nor transactions deemed to be predominantly service oriented (*Milau Associates v North Ave. Development Corp.*, 42 NY2d 482, 398 NYS2d 882, 368 NE2d 1247 [1977]). Since the Original Contract and change orders at issue in this case are primarily

**650017/2022   JOSEPH L. BALKAN, INC. vs. LOGUIDICE, DOMINICK ET AL**
**Motion No.  004**

**Page 2 of 4**

[* 2]

for the performance of services, not the furnishing of goods, the breach of warranty claim fails. Therefore, the counterclaim for breach of warranty is dismissed.

In addition, the motion to amend the counterclaim to change it from a warranty claim to one for an implied promise to provide services in a certain manner is simply a change in semantics. It does not change the nature of the claim, which the Court is dismissing. Therefore, the motion to amend is denied.

Finally, Defendants move for summary judgment on Plaintiff's contractual attorney's fees claim. Defendants argue that the only agreements with an attorney's fees provision are the Original Contract and Change Order 1. Defendants further argue that they have paid the entire balance of the Original Contract and Change Order 1. Therefore, Defendants argue, the attorney's fees claim must be dismissed.

It is correct that the Original Contract, as well as Change Order 1, contained a provision that stated: "Client reneging on payment terms will be responsible for lawyer fees in the sum of 30% of the amount unpaid." Nevertheless, Change Order 2 clearly stated the proposal was an "*[a]ddition* to proposal number 44188 [the Original Contract]," which Plaintiff argues would include the provision within the Original Contract that concerned attorney's fees. Accordingly, at the very least, there is a question of fact as to whether the attorney's fees provision applies to Change Order 2. Therefore, Defendants' cross-motion for summary judgment on the attorney's fees claim is denied.

Accordingly, it is hereby

ORDERED and ADJUDGED that Plaintiff's motion for summary judgment dismissing the counterclaim is granted and the counterclaim is dismissed; and it is further

**650017/2022   JOSEPH L. BALKAN, INC. vs. LOGUIDICE, DOMINICK ET AL**
**Motion No.  004**

**Page 3 of 4**

3 of 4

[* 3]

ADJUDGED that Defendants' cross motion to amend the counterclaim is denied; and it is further

ADJUDGED that Defendants' cross motion for summary judgment is denied; and it is further

ADJUDGED that any other request for relief in the motion and cross motion is denied.

20250805104939LFRANK8317E04AADFB46AFB7D46DE019954994

| | |
|---|---|
| **8/5/2025** | **LYLE E. FRANK, J.S.C.** |
| **DATE** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**650017/2022   JOSEPH L. BALKAN, INC. vs. LOGUIDICE, DOMINICK ET AL**
**Motion No.  004**

**Page 4 of 4**

[* 4]